Dalvir SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73504.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne Sporri, Esq., Ganzoo Law Office, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, David J. Ward, Esq., U.S. Department of Justice, Northern District Of California, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Dalvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal, and finding that Singh filed a frivolous asylum application. We have jurisdiction under 8 U.S.C.

** This disposition is not appropriate for publication and is not precedent except as provid-

§ 1252. We review for substantial evidence adverse credibility findings, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), and we deny the petition for review.

 Singh was unable to explain how he could maintain the secrecy of his alleged membership in the Akali Dal Mann party, and thereby maintain his position as a government employee, when he was giving public speeches at rallies for Khalistan. Because this discrepancy goes to the heart of Singh's claim that Indian police persecuted him on account of his membership in Akali Dal Mann, substantial evidence supports the adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Without credible testimony, Singh failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Singh filed a frivolous asylum application where Singh knowingly submitted falsified documents with his first asylum application and lied under oath to the asylum officer. *Cf. Farah*, 348 F.3d at 1157–58 (citing 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20, and laying out criteria for finding an application is frivolous).

### PETITION FOR REVIEW DENIED.